| | |
|---|---|
| | UNITED STATES DISTRICT COURT |
| | FOR THE EASTERN DISTRICT OF CALIFORNIA |

| | |
|---|---|
| MARVIN HARRIS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>R. MOSER., et al.,<br><br>　　　　　Defendants. | No. 1:19-cv-01117-DAD-EPG (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING MOTION TO PROCEED *IN FORMA PAUPERIS*<br><br>(Doc. Nos. 3, 5) |

Plaintiff Marvin Harris ("plaintiff") is a state prisoner proceeding pro se with this civil rights action filed pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Plaintiff filed the complaint commencing this action on August 15, 2019. (Doc. No. 1.) On August 19, 2019, the assigned magistrate judge entered findings and recommendations, recommending that plaintiff "not be allowed proceed *in forma pauperis* in this action," and that he "be directed to pay the $400.00 filing fee in full if he wants to proceed with this action." (Doc. No. 3.) Plaintiff was provided an opportunity to file objections to the findings and recommendations. On August 27, 2019, plaintiff objected to the findings and recommendations. (Doc. No. 4.) On September 16, 2019, plaintiff filed a separate motion to proceed *in forma pauperis*. (Doc. No. 5.)

1

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 304, this court has conducted a de novo review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and proper analysis.

Plaintiff objects that he was in imminent danger of serious physical injury under the American Disabilities Act at the time his complaint in this action was filed. (Doc. No. 4 at 1.) Plaintiff reiterates that he is being kept in his cell everyday without yard or dayroom phone calls. (*Id.* at 2.) As the assigned magistrate judge found in the pending findings and recommendations, these conclusory allegations do not support an inference that plaintiff was in imminent danger of serious physical injury at the time he filed his complaint. (Doc. No. 3 at 3.) Moreover, plaintiff's objections are merely a recitation of the legal standard governing application of the imminent danger exception and they fail to provide any specific factual allegations of physical injury or the threat thereof. *See Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) ("This type of general assertion is insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury.")

Accordingly:

1. The findings and recommendations issued by the assigned magistrate judge on August 19, 2019 (Doc. No. 3) are adopted in full;
2. Pursuant to 28 U.S.C. § 1915(g), plaintiff cannot be permitted to proceed *in forma pauperis* in this action;
3. Plaintiff's separate motion to proceed *in forma pauperis* (Doc. No. 5) is denied; and
4. If plaintiff wishes to pursue this action, he is required to pay the $400 filing fee in full within 30 days of the date of service of this order.

IT IS SO ORDERED.

Dated: **January 12, 2020**

UNITED STATES DISTRICT JUDGE